IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TWILA DENISE BARTLETT,

    Plaintiff,

v.                                          Civil Action No. 5:15CV76
                                                               (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND
REMANDING CIVIL ACTION TO COMMISSIONER**

I.  Procedural History

The plaintiff, Twila Denise Bartlett, filed an application for Supplemental Security Income under Title XVI of the Social Security Act.  In the application, the plaintiff alleged disability since April 27, 2012 due to hepatitis C, chronic liver disease, chronic obstructive pulmonary disease, rheumatoid arthritis, gastroesophageal reflux disease, cervicalgia, lumbar strain, mild degenerative changes in the left ankle and foot, and bipolar disorder and depression.

The Social Security Administration denied the plaintiff's application initially and on reconsideration.  The plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which the plaintiff was represented by counsel.

At the hearing, the plaintiff testified on her own behalf, as did a vocational expert. The ALJ issued a decision finding that the plaintiff was not disabled under the Social Security Act but instead found that the plaintiff had a Residual Functional Capacity to perform light-level work with certain non-exertional restrictions. Further, the ALJ found that the plaintiff was unable to perform her past relevant work, but that there were jobs in significant numbers that the plaintiff could perform. Thus, the plaintiff's benefits were again denied. The plaintiff then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied the plaintiff's request for review.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B). Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that the plaintiff's motion for summary judgment be granted in part, and that this action be remanded to the Commissioner for further action. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The magistrate

judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

The plaintiff argues that the ALJ erred in not properly evaluating the opinion of the plaintiff's therapist, by relying solely on the state agency consulting physicians' opinions without adequate explanation, by ignoring the plaintiff's depressive symptoms caused by her bipolar disorder, and by not fully developing the record regarding the plaintiff's hepatitis C and chronic liver disease. Magistrate Judge Seibert concluded that the ALJ erred in evaluating the opinion of the plaintiff's therapist, Leese Jackson ("Jackson"), and that the ALJ erred in relying solely on the opinions of the state agency consulting physicians without adequate explanation. He also concluded that substantial evidence

supported the ALJ's credibility determination regarding the plaintiff's testimony and that the ALJ satisfied her duty to develop the record.

First, Magistrate Judge Seibert concluded that the ALJ erred in affording little weight to Jackson's opinion as a non-medical source without properly evaluating her opinion. The ALJ must consider evidence provided from sources other than "acceptable medical sources" in considering the severity of an impairment. 20 C.F.R. § 416.913(d). Such sources include medical sources that do not qualify as "acceptable medical sources," including "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists." Id. (emphasis added). The Commissioner of Social Security has clarified that opinions from medical sources that do not qualify as an "'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." SSR 06-03p at 5 (2006). In evaluating these opinions, the ALJ should consider: (1) "[h]ow long the source has known and how frequently the source has seen the individual;" (2) "[h]ow consistent the opinion is with other evidence;" (3) "[t]he degree to which the source presents relevant evidence to support an opinion;" (4) "[h]ow well the source explains the opinion;" (5) "[w]hether the source has a specialty or area of expertise related to the individual's

impairment(s);" and (6) "[a]ny other factors that tend to support or refute the opinion." Id. at 4-5.

The ALJ categorized Jackson's opinion as "non-medical." She then acknowledged the above factors and concluded that Jackson's opinion was entitled to little weight because "there [was] no evidence that [] Jackson saw the [plaintiff] on a consistent basis," Jackson's opinion "does not refer to any clinical mental health testing," the opinion is mainly in the form of a checklist, the opinion provides "no detailed explanation as to why the claimant is limited to the extent determined and states the limitations are based upon the [plaintiff's] reported symptoms," and the opinion is inconsistent with treatment notes. Magistrate Judge Seibert concluded that the ALJ incorrectly treated Jackson's opinion as non-medical rather than as a medical source that does not qualify as an "acceptable medical source." Further, the ALJ's evaluation of Jackson's opinion was based on factual errors. The magistrate judge concluded that the record showed that Jackson had treated the plaintiff on a monthly basis since October 2012. He also concluded that Jackson's opinion was corroborated by treatment notes from a physician stating that the plaintiff was unable to work because of her mental and physical condition, and that the ALJ erroneously disregarded these treatment notes because she was unable to identify the physician who produced the notes, whom the magistrate judge was able to identify as Dr. Kirchdoerfer. This

5

Court finds no error in the magistrate judge's conclusions. Thus, the ALJ's decision to afford Jackson's opinion little weight is not supported by substantial evidence and the ALJ must reevaluate Jackson's opinion in light of this opinion.

Second, the magistrate judge concluded that the ALJ erred in relying solely on the opinions of the state agency consulting physicians without evaluating whether those opinion were consistent with the opinions of the plaintiff's treating physician. "[T]he opinion of a doctor who never examined or treated the patient cannot serve to refute the conclusions of the patient's treating physician." Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 126 (4th Cir. 1994). The ALJ gave the consulting physicians' opinions "great weight" because those opinions were "largely supported by objective clinical findings and are fairly consistent with the other substantial evidence." ECF No. 7-2 at 18 (emphasis added). Magistrate Judge Seibert concluded that this explanation is inadequate because it does not allow this Court to determine whether the ALJ's reliance on the consulting physicians' opinions is actually consistent with the treating physician's opinions. This Court finds no error in the magistrate judge's conclusions, and the ALJ must provide further explanation as to whether the consulting physicians' opinions were consistent with those of the plaintiff's treating physician.

6

Third, the magistrate judge concluded that substantial evidence supported the ALJ's conclusion that the plaintiff's testimony was entitled to little weight. "In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence . . . or substitute its own judgment for that of the Commissioner." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Further, because the ALJ directly observed the plaintiff's live testimony, her credibility determinations are "to be given great weight." Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984). The magistrate judge concluded that the record supports the ALJ's decision to gave little weight to the plaintiff's testimony regarding her subjective complaints because the ALJ properly explained that the plaintiff's complaints were not corroborated by the medical evidence. This Court finds no error in the magistrate judge's conclusion.

Fourth, Magistrate Judge Seibert concluded that the ALJ satisfied her duty to develop the record regarding the plaintiff's hepatitis C and liver disease. The magistrate judge correctly noted that the plaintiff has the burden of demonstrating that she is disabled under the Social Security Act and that the ALJ is not required to seek further consultative examinations of a claimant. See English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993); 20 C.F.R. § 416.919a(b). Accordingly, the magistrate judge concluded that the ALJ was not required to order a consultative examination

7

of the plaintiff regarding her hepatitis C and liver disease.  This Court finds no error in the magistrate judge's conclusion.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 14).  Accordingly, the plaintiff's motion for summary judgment (ECF No. 9) is GRANTED, and the defendant's motion for summary judgment (ECF No. 11) is DENIED.  It is further ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the parties failed to object, they have waived their right to seek appellate review of this matter.  See Arn, 474 U.S. at 148-53.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

IT IS SO ORDERED.

DATED:    April 21, 2016

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE